**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Thomas and Karen Ryan,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>BAC Home Loans Servicing LP, et al.,<br><br>　　　　Defendants. | No. CV-10-02197-PHX-NVW<br><br>**ORDER** |

Before the Court is Plaintiffs' Motion for Preliminary Injunction (Doc. 16) and Defendant BAC Home Loans Servicing, LP's ("BAC") Motion to Dismiss (Doc. 17). Defendant Real Time Resolutions Inc. ("RTR") joins in Defendant BAC's motion to dismiss.  (Doc. 18.)

**I.     Background**

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the non-moving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  Generally, material beyond the complaint may not be considered in deciding a Rule 12(b)(6) motion. However, evidence on which the complaint "necessarily relies" may be considered if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  The facts stated here

1  represent the allegations in the complaint and are assumed to be true for purposes of
2  deciding Defendants' motion to dismiss.
3     On December 8, 2006, Plaintiffs borrowed $183,120.00 from SFG Mortgage for
4  the refinance of property located at 18416 North Cave Creek Road, Unit 2075, Phoenix,
5  Arizona, 85032.  This loan was secured by a Deed of Trust signed by Plaintiffs on
6  December 8, 2006 and recorded on December 14, 2006.  Defendant BAC is the loan
7  servicer for this first loan on the property.  On December 8, 2006, Plaintiffs also obtained
8  a second loan on the property, also from SFG Mortgage, in the amount of $22,890.00.
9  This second loan was also secured by a Deed of Trust signed by Plaintiffs on December
10  8, 2006 and recorded on December 14, 2006.  Defendant RTR is the loan servicer for this
11  second loan on the property.
12     At some point after May 2009, Plaintiffs defaulted on their loans and ReconTrust
13  Company, N.A., as the successor trustee to the Deed of Trust securing the first loan,
14  scheduled a trustee's sale for the property.  The trustee's sale, originally scheduled for
15  December 17, 2010, was postponed and rescheduled for January 26, 2011 at 12:00 p.m.
16  No trustee's sale is pending with respect to the second loan.
17     Plaintiffs filed their complaint (Doc. 1) and a request for a temporary injunction
18  (Doc. 3) in this Court on October 15, 2010.  The Court denied Plaintiffs' request for
19  temporary injunction in its October 19, 2010 order (Doc. 5), stating that Plaintiffs had not
20  presented any evidence from which the Court could determine the likelihood of success
21  on the merits of Plaintiffs' claims.  Plaintiffs later filed a motion entitled "Original
22  Petition and Request for Preliminary Injunction" (Doc. 16) on November 18, 2010, which
23  is now pending before the Court.
24
25
26
27
28

## II.     Motion to Dismiss

### A.     Legal Standard

#### 1.     Rule 8, Federal Rules of Civil Procedure

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). A claim must be stated clearly enough to provide each defendant fair opportunity to frame a responsive pleading. *McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996). "Something labeled a complaint . . ., yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Id.* at 1180.

#### 2.     Rule 9(b), Federal Rules of Civil Procedure

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) requires allegations of fraud to be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Further,

> Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud. In the context of a fraud suit involving multiple defendants, a plaintiff must, at a

- 3 -

minimum, identify the role of each defendant in the alleged fraudulent scheme.

*Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (internal quotation marks, alteration marks, and citations omitted).

### 3. Rule 12(b)(6), Federal Rules of Civil Procedure

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the non-moving party. *Cousins*, 568 F.3d at 1067. Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint must contain "only enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations. *Ashcroft v. Iqbal*, __ U.S. __, 1949, 1951 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To show that the plaintiff is entitled to relief, the complaint must permit the court to infer more than the mere possibility of misconduct. *Id.*

### B. Analysis

#### 1. First Claim: Breach of Fiduciary Duty

Plaintiffs' first cause of action alleges that "Defendants' Agent, appraiser, trustee, Lender, et al" breached fiduciary duties owed to Plaintiffs. However, Plaintiffs do not identify the basis for any fiduciary duty being owed or any facts as to how each Defendant specifically violated any such duty. This claim states nothing more than

- 4 -

"labels and conclusions, and a formulaic recitation of the elements of a cause of action" and therefore fails to state a claim upon which relief can be granted. *See Twombly*, 550 U.S. at 555.

### 2. Second Claim: Negligence/Negligence Per Se

In their second claim, Plaintiffs allege that Defendants owed them a "general duty of care . . . to properly perform due diligence as to the loans and related transactional issues." In order to establish a claim for negligence, Plaintiffs must show

> 1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages.

*Gipson v. Kasey*, 214 Ariz. 141, 143, 150 P.3d 227, 231 (2007). Plaintiffs fail to explain the basis for any duty owed, which actions or inactions by the Defendants breached that duty, or how that breach caused them injury. Accordingly, Plaintiffs' negligence claim fails to state a claim for which relief can be granted.

### 3. Third Claim: Common Law Fraud

Under Arizona law,

> A showing of fraud requires (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; (9) his consequent and proximate injury. Each element must be supported by sufficient evidence. "Fraud may never be established by doubtful, vague, speculative, or inconclusive evidence."

*Echols v. Beauty Built Homes, Inc.*, 132 Ariz. 498, 500, 647 P.2d 629, 631 (1982) (citations omitted). Plaintiffs' complaint alleges that "Defendants" made intentional or negligent misrepresentations in order to induce Plaintiffs to obtain a loan. However, because neither Defendant participated in the loan origination, they are not the proper targets of a fraudulent inducement claim. Further, Plaintiffs have failed to identify who did what to fraudulently induce them to take out the loan with enough particularity to satisfy Fed. R. Civ. P. 9(b). Plaintiffs do not specify the content of any misrepresentations purportedly made, nor why they would have had the right to rely on

- 5 -

any such misrepresentation. Accordingly, the third claim will be dismissed for failure to state a claim upon which relief can be granted.

### 4. Fourth Claim: Breach of Implied Covenant of Good Faith and Fair Dealing

In order to state a claim for a breach of the implied covenant of good faith and fair dealing, Plaintiffs must first establish that they have a contractual relationship with defendants. *See Rawlings v. Apodaca*, 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986) (en banc). The complaint must identify the contract in which the covenant is implied in order to determine what benefits were intended to flow from it before deciding whether a party has acted to impair the right of the other to receive those benefits. Plaintiffs' complaint does not allege that they have a contractual relationship with either Defendant, or even in which contract the allegedly breached covenant was implied. To allege a contract claim, Plaintiffs must plead more specific factual allegations that would "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Plaintiffs have not done this, and thus cannot state a claim for breach of the implied covenant of good faith and fair dealing.

### 5. Fifth Claim: Violation of Truth in Lending Act

Although Plaintiffs have included a cause of action under the heading "Violation of Truth in Lending Act," they offer no specific facts to support such a claim. Scattered throughout the complaint are simply bare conclusions that "Defendants" have failed to make proper disclosures and included improper lender and third party fees in the loan and violated TILA by not properly making the required initial truth in lending disclosures. Further, the complaint does not allege any basis for equitable tolling of the one-year limitations period for TILA violations, which expired in December 2007. *See* 15 U.S.C. § 1640(e). Accordingly, Plaintiffs have failed to state a claim under TILA.

### 6. Sixth Claim: Intentional Infliction of Emotional Distress

In Arizona, a claim for intentional infliction of emotional distress requires

> *first*, the conduct by the defendant must be "extreme" and "outrageous;" *second,* the defendant must either intend to cause emotional distress or recklessly disregard

- 6 -

the near certainty that such distress will result from his conduct; and *third,* severe emotional distress must indeed occur as a result of defendant's conduct.

*Ford v. Revlon, Inc.*, 153 Ariz. 38, 43, 734 P.2d 580, 585 (1987). Plaintiffs' claim for intentional infliction of emotional distress merely recites the elements of this cause of action, without explaining what particular conduct by which particular Defendant qualifies as extreme and outrageous or presenting any facts showing that Defendants intended to cause emotional distress or recklessly disregarded the near certainty that such distress would result from their conduct. Indeed, Plaintiffs have not alleged with any specificity how any conduct of these individual Defendants was improper. Plaintiffs have thus failed to state a claim for relief for intentional infliction of emotional distress.

### 7. Miscellaneous Claims

Scattered throughout Plaintiffs' complaint are various other allegations that could potentially be intended as additional causes of action. However, the scattered nature of these averments alone violates Fed. R. Civ. P. 8, and justifies dismissal of the action. Additionally, the remaining allegations state nothing more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *See Twombly*, 550 U.S. at 555. These general allegations do not provide Defendants with sufficient notice as to what actions of theirs were wrongful and actually caused Plaintiffs harm. Further, all of the remaining factual allegations that could potentially be perceived as separate causes of action also fail to state a claim upon which relief could be granted for the reasons stated in Defendants' motion to dismiss.

## III. Leave to Amend

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiffs will be given an opportunity to amend their complaint to make clear their allegations in short, plain statements. Any amended complaint must conform to the requirements of Rule 8(a), 8(d)(1), and 9(b) of the Federal Rules of Civil Procedure. Plaintiffs are warned that if they elect to file an amended complaint and fail to comply with the Court's instructions explained in this order, the action will be dismissed pursuant

- 7 -

1  to Rule 41(b) of the Federal Rules of Civil Procedure.  *See McHenry*, 84 F.3d at 1177
2  (affirming dismissal with prejudice of prolix, argumentative, and redundant amended
3  complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651
4  F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of amended complaint that was
5  "equally as verbose, confusing, and conclusory as the initial complaint"); *Corcoran v.*
6  *Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) (affirming dismissal without leave to amend of
7  second complaint that was "so verbose, confused and redundant that its true substance, if
8  any, [was] well disguised").

9  **IV.  Plaintiffs' Motion for Preliminary Injunction**

10  To obtain a preliminary injunction, a plaintiff must demonstrate "that he is likely
11  to succeed on the merits, that he is likely to suffer irreparable harm in the absence of
12  preliminary relief, that the balance of equities tips in his favor, and that an injunction is in
13  the public interest." *Winter v. NRDC*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008).  "[T]he less
14  certain the district court is of the likelihood of success on the merits, the more plaintiffs
15  must convince the district court that the public interest and balance of hardships tip in
16  their favor." *Sw. Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 918 (9th Cir.
17  2003) (en banc) (per curiam).  As explained above, all of Plaintiffs' claims will be
18  dismissed, and Plaintiffs have not demonstrated any likelihood of succeeding on the
19  merits.  Therefore, Plaintiffs' Request for Preliminary Injunction (Doc. 16) will be
20  denied.

21  IT IS THEREFORE ORDERED that Plaintiffs' Original Petition and Request for
22  Preliminary Injunction (Doc. 16) is denied.

23  IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (Doc. 17) is
24  granted.

25  IT IS FURTHER ORDERED that Plaintiffs may file a motion to amend their
26  complaint and separately lodge a proposed amended complaint by February 17, 2011.
27  The Clerk is directed to enter judgment dismissing this case and to terminate this case
28

- 8 -

1 without further order if Plaintiffs do not file a motion to amend and lodge a proposed
2 amended complaint by February 17, 2011.
3    DATED this 1st day of February, 2011.

_____
Neil V. Wake
United States District Judge

- 9 -