BRYAN CAVE LLP (No. 00145700)
Sean K. McElenney (No. 016987)
Michael B. Dvoren (No. 027386)
Two North Central Avenue, Suite 2200
Phoenix, AZ  85004-4406
Telephone: (602) 364-7000
Facsimile: (602) 364-7070
skmcelenney@bryancave.com
michael.dvoren@bryancave.com

Attorneys for Defendant BAC Home Loans Servicing, LP

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas & Karen Ryan,<br><br>   Plaintiffs,<br><br>vs.<br><br>BAC Home Loans Servicing, LP; Real Time Resolutions, Inc.,<br><br>   Defendants. | No. 2:10-cv-02197-NVW<br><br>**MOTION TO DISMISS AMENDED COMPLAINT**<br><br>(Hon. Neil V. Wake) |

  Defendant BAC Home Loans Servicing, LP ("BAC") respectfully requests that the Court enter an order dismissing plaintiffs Thomas and Karen Ryan's ("Ryans") Amended Complaint with prejudice for failing to state any claim upon which relief may be granted. The Amended Complaint fails to cure any of the fatal deficiencies plaguing their original Complaint and merely recasts the same vague and conclusory allegations that previously failed to meet the requirements of Federal Rules of Civil Procedure 8 and 9(b).  BAC requests that the Ryans not be permitted to again amend their pleading because they have twice now demonstrated their inability to state any viable legal claim or abide by the Federal Rules of Civil Procedure.  The Ryans have also failed to adhere to the Court's instruction that "[a]ny amended complaint must conform to the requirements of" Federal Rules of Civil Procedure 8 and 9 and the Court's warning that failure to comply with the

1  Court's February 01, 2011 Order would result in dismissal of the Ryans' action. [Doc.
2  No. 28 (02/01/11 Order) at 7]  BAC provides the accompanying memorandum of points
3  and authorities in support of this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    BACKGROUND.**

On or around December 8, 2006, the Ryans borrowed $183,120 from SFG Mortgage ("Loan") for the real property located at 18416 North Cave Creek Road, Unit 2075, Phoenix, Arizona ("Property").  A Deed of Trust dated December 8, 2006, and recorded December 14, 2006 ("Deed of Trust"), secures repayment of the Loan and performance of other obligations. [See Doc. No. 17 ("Motion to Dismiss"), Exhibit A] The Ryans defaulted on the Loan by failing to make their monthly mortgage payment due in May 2009. [See Doc. No. 29 ("Am. Compl.") at 6]   ReconTrust Company, N.A. ("ReconTrust"), the successor trustee, recorded a Notice of Trustee's Sale Arizona on September 21, 2009.  [See Motion to Dismiss, Ex. B]  The trustee's sale is currently scheduled for March 21, 2011.  BAC is the current servicer of the Loan.

The Ryans filed their original Complaint on October 15, 2010, in an effort to stop ReconTrust, as trustee under the Deed of Trust, from completing the trustee's sale of the Property.  BAC moved to dismiss the Complaint on November 22, 2010 for failure to state any claim upon which relief may be granted. [See Motion to Dismiss]  On February 01, 2011, this Court granted BAC's Motion to Dismiss but ordered "that Plaintiffs may file a motion to amend their complaint and separately lodge a proposed amended complaint by February 17, 2011." [Doc. No. 28 ("Order") at 8]  The Court further ordered the Clerk "to enter judgment dismissing this case and to terminate this case without further order if Plaintiffs do not file a motion to amend and lodge a proposed amended complaint by February 17, 2011." [Id.]

The Ryans did not file a motion for leave to amend the Complaint as the Court's Order instructed.  They also did not file the Amended Complaint as a proposed amended

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

2

685851.1

complaint. Instead, they filed the Amended Complaint on February 16, 2011, asserting purported causes of action for breach of fiduciary duty, fraudulent concealment, fraud, negligence, unjust enrichment, breach of the implied contractual covenant of good faith and fair dealing, intentional infliction of emotional distress, conspiracy, and violations of RESPA and TILA. [Am. Compl. at 22-46] Although BAC and Real Time Solutions, Inc. are the only named defendants in the Amended Complaint, the Ryans appear to also allege some or all of the above causes of action against non-parties, i.e., an individual realtor named Darel Snyder ("Real Estate Agent"), Property Solutions and Investment Group ("Real Estate Broker"), an unidentified "appraiser," an unidentified "underwriter," First American Title Insurance Co. ("Closing Trustee"), and possibly other non-parties whose identities BAC cannot determine. [Id. at 7-17, 22-46]

## II. ARGUMENT.

### A. The Ryans Failed To Comply With The Court's Order.

#### 1. The Ryans Failed To Comply With Rules 8 and 9.

The Court's Order clearly instructed the Ryans that "[a]ny amended complaint must conform to the requirements of Rule 8(a), 8(d)(1), and 9(b) of the Federal Rules of Civil Procedure." [Order at 7] The Order also warned them that if they "fail to comply with the Court's instructions explained in this order, the action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." [Id. at 7-8]

The Amended Complaint fails to conform to Rule 8(a), 8(d)(1), and 9(b). As a forty-seven (47) page document consisting almost entirely of vague, confusing, scattered, and conclusory allegations, the Amended Complaint fails to comply with the requirement of Rule 8(a)(2) that the Ryans provide short and plain statements of each purported claim upon which they seek relief. [See Am. Compl. at 2-46] Under Rule 8(d)(1), none of the Ryans' allegations are simple, concise, or direct. As in their Complaint, the Ryans have again scattered vague and confusing allegations throughout the Amended Complaint, from which BAC cannot determine distinct causes of action. [See id.] Finally, under

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

1  Rule 9(b), the Ryans again have failed to plead any alleged fraud claim against BAC with
2  particularity or meaningfully identify BAC's role in the purportedly fraudulent acts
3  alleged. [Id. at 5, 7-33, 42, 45] See Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th
4  Cir. 2007).

5  For all of these reasons, the Court should dismiss the Amended Complaint without
6  leave to amend.

### 2. The Ryans Failed To File A Motion For Leave To Amend.

8  The Court's Order directed the Clerk "to enter judgment dismissing this case and
9  to terminate this case without further order if Plaintiffs do not file a motion to amend and
10 lodge a proposed amended complaint by February 17, 2011." [Order at 8-9] As the
11 Ryans failed to file a motion for leave to amend the Complaint and failed to file the
12 Amended Complaint as a proposed amended complaint, the Court should dismiss this
13 action with prejudice.

### B. The Amended Complaint Merely Rehashes The Same Purported Causes Of Actions Already Dismissed By The Court.

16 Despite the Court dismissing each purported cause of action in the Ryans'
17 Complaint, the Amended Complaint merely rehashes these same causes of action with
18 each containing the same fatal defects found in the Complaint. In its Motion to Dismiss,
19 BAC set forth specific legal and factual arguments addressing the deficiencies of every
20 one of the Ryans' purported causes of action. [See Motion to Dismiss at 4-14] BAC will
21 not reiterate those arguments here. Instead, BAC hereby reasserts and incorporates by
22 this reference, each and every argument set forth in its Motion to Dismiss. Just like in
23 their Complaint, every purported cause of action against BAC in the Amended Complaint
24 is meritless, vague, conclusory, and/or time barred.

26 ///

685851.1

**C.   The Amended Complaint Fails To Show How BAC Could Be Liable For Any Allegations Related To Loan Origination.**

Like the Complaint, the Amended Complaint raises numerous allegations related to the origination of the Loan. As reflected in the Deed of Trust, BAC is not the Ryans' original lender. [See Motion to Dismiss, Ex. A] Despite this, the Ryans erroneously define BAC as the "Lender" and proceed to make numerous allegations against BAC related to loan origination. [Am. Compl. at 2, 5-6, 8-46] Each of these allegations is meritless and inapplicable to BAC because BAC neither originated, nor was in any way involved with making the Loan. BAC is thus not the proper defendant for any alleged misconduct related to loan origination, even if those allegations were to have any merit (which they do not). Furthermore, BAC has no relation to the Real Estate Agent, Real Estate Broker, unidentified appraiser, unidentified underwriter, Closing Trustee, or any other non-party which the Ryans allege wronged them at or around the time they entered into the Loan in December of 2006.

### Relief Requested

For the foregoing reasons, BAC respectfully requests that the Court enter an order dismissing the Amended Complaint with prejudice.

DATED this 7th day of March, 2011.

BRYAN CAVE LLP

By /s/ Michael B. Dvoren
    Sean K. McElenney
    Michael B. Dvoren
    Two North Central Avenue, Suite 2200
    Phoenix, AZ  85004-4406
    Attorneys for Defendant BAC Home Loans Servicing, LP

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

**CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, with a copy sent via U.S. mail to the following, who are not registered participants of the CM/ECF System:

Thomas & Karen Ryan
4446 Lazy Lane
San Jose, CA 95135
Plaintiffs Pro Per

By /s/ Michael B. Dvoren

6

685851.1