1    BRYAN CAVE LLP (No. 00145700)
2    Sean K. McElenney (No. 016987)
     Michael B. Dvoren (No. 027386)
3    Two North Central Avenue, Suite 2200
     Phoenix, AZ  85004-4406
4    Telephone: (602) 364-7000
     Facsimile: (602) 364-7070
5    skmcelenney@bryancave.com
6    michael.dvoren@bryancave.com

7    Attorneys for Defendant BAC Home
8    Loans Servicing, LP

9
              IN THE UNITED STATES DISTRICT COURT
10
              IN AND FOR THE DISTRICT OF ARIZONA
11

12   Thomas & Karen Ryan,                  No. 2:10-cv-02197-NVW

13          Plaintiffs,                     **REPLY IN SUPPORT OF
                                           MOTION TO DISMISS
14      vs.                                 AMENDED COMPLAINT**

15   BAC Home Loans Servicing, LP; Real Time
     Resolutions, Inc.,
16                                           (Hon. Neil V. Wake)
17          Defendants.

18          Thomas and Karen Ryan's ("Ryans") Response to the Motion to Dismiss

19   Proposed Amended Complaint (Doc. No. 32, "Response") to Defendant BAC Home

20   Loans Servicing, LP's ("BAC") Motion to Dismiss Amended Complaint (Doc. No. 30,

21   "Motion to Dismiss") fails to cure any of the fatal defects plaguing their Amended

22   Complaint.  First, as yet another Internet-copied pleading, the Amended Complaint bears

23   no real factual relationship to the Ryans' case.   Second, the Response inadequately

24   defends the Ryans' allegations against BAC, who is merely the Ryans' loan servicer, for

25   acts allegedly perpetrated by various non-parties at the time the Ryans' Loan originated

26   in December of 2006.  Once again, the Ryans fail to plausibly connect BAC to these acts

27   or show how BAC can be held liable for them, even if, arguendo, they occurred as

28   alleged.  Finally, in its Motion to Dismiss, BAC reasserted and incorporated by reference,

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

each argument set forth in its original dismissal motion (Doc. No. 17, "Dismissal Motion"). The Ryans do not meaningfully defend against BAC's arguments or demonstrate how any purported claim in their Amended Complaint can survive dismissal as a matter of law. For all of these reasons, BAC respectfully requests that the Court enter an order dismissing the Amended Complaint with prejudice.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   THE AMENDED COMPLAINT BEARS LITTLE TO NO FACTUAL RELATIONSHIP TO THE RYANS' CASE.

The Amended Complaint is another Internet-copied pleading filed by the Ryans with little editing. [See Dismissal Motion at 3 n.4] The Ryans filed a nearly identical Amended Complaint (as a proposed amended complaint attached to a motion for leave to amend) in a different U.S. District Court case against BAC ("Proposed Amended Complaint"), now pending in the U.S. District Court for the Eastern District of California, Sacramento Division, Case No. 2:10-cv-02928-WBS-GGH. [See Proposed Amended Complaint, Exhibit 1 attached][1] That case regards a different property in California which the Ryans purchased at a different time, pursuant to a different loan transaction, involving a different original lender. [See Request for Judicial Notice in Support of Defendant's Motion to Dismiss (along with Exhibits A and B thereto), Exhibits 2-4 attached][2] As an Internet-copied pleading, the Amended Complaint is almost wholly unrelated to the Ryans, the Loan, the Property, the Ryans' dealings with BAC, or any other facts or legal issues in this case. Therefore, the Court need not accept the Ryans' Internet-copied allegations as true. See Pesci v. IRS, 67 F. Supp. 2d 1189,

---

[1] The Court may consider the Proposed Amended Complaint because it is a court document which is properly subject to judicial notice. See e.g., Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (taking judicial notice of state court documents); accord Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998).

[2] See footnote 1 above.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

687711.3

1191-92 (D. Nev. 1999), aff'd, 225 F.3d 663 (9th Cir. 2000) (In considering a motion to dismiss, "[t]he court need not . . . accept as true allegations that contradict matters properly subject to judicial notice, are conclusory or mere legal conclusions, or unwarranted deductions of fact or unreasonable inferences, or contradicted by documents referred to in the Complaint, or are internally inconsistent.").

## II.   THE RESPONSE FAILS TO SHOW HOW BAC COULD BE LIABLE FOR ANY ALLEGATIONS RELATED TO LOAN ORIGINATION.

The Ryans' attempt to defend their inclusion of BAC as a Defendant by asserting that "BAC, as a branch of Bank of America, is the branch handling our loan" and that "BAC is named in the suit because they are the entity that appear on the payment stubs . . . and the 'Notice of Trustee's Sale' as the investors in the property." [Response at 4]

BAC, which is a separate legal entity from Bank of America, N.A. (not "a branch"), appears on the Ryans' payment stubs because BAC is the Ryans' loan servicer. Contrary to the Ryans' mistaken assertions, BAC is neither the investor in the Ryans' Loan nor the Deed of Trust beneficiary appearing on the "Notice of Trustee's Sale" they reference.  [See Dismissal Motion, Exhibit B (identifying the Bank of New York as the Deed of Trust Beneficiary)]  As such, BAC is not and would not be the proper defendant even if, arguendo, the Ryans' Internet-copied allegations had any merit, which they do not.  More importantly, the Ryans' arguments on page four of the Response again fail to show how BAC could be liable for any of the allegations brought against the identified and unidentified non-parties in the Amended Complaint.

Neither BAC, nor Bank of America, N.A., has any connection to the "Real Estate Agent" identified as Darel Snyder, the "Real Estate Broker" identified as Property Solutions and Investment Group ("Property Solutions"), or the "Closing Trustee" identified as First American Title Insurance Co., and the Ryans fail to adequately allege any such connection.  [See Am. Compl. at 7-11, 21]  BAC and Bank of America, N.A. also have no connection to, nor can they guess the identities of, the unidentified "Appraiser," "Underwriter," "Foreclosing Lender's Agent," "Lender's Agents," or other

687711.3

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

non-parties who the Ryans allege also committed the various wrongs against them at or around the time their Loan originated in December of 2006.  [See id. at 7-46]  In short, the Ryans have had several opportunities to adequately allege and show how BAC, who is only their loan servicer, is a proper defendant for any of the allegations in the Amended Complaint but they have failed to do so.

## III. THE RESPONSE FAILS TO MEANINGFULLY DEFEND ANY OF THE RYANS' PURPORTED CAUSES OF ACTION IN THE AMENDED COMPLAINT.

The Ryans contend that they have "clearly stated claims and allegations," that "no part of our Amended Complaint is vague," and that their "causes for action are direct and clear and are stated with specificity."  [Response at 1-3]  Despite these contentions, the Response fails to meaningfully clarify or defend against BAC's Motion to Dismiss, which reasserted and incorporated by reference, each argument set forth in its Dismissal Motion.  [See Motion to Dismiss at 4; Dismissal Motion at 4-14]  By doing so, BAC again set forth specific legal and factual reasons why each purported cause of action in the Amended Complaint fails as a matter of law.  For the Court's and the Ryans' benefit, however, BAC will reference each of its previous arguments with more specificity below.

### A. Breach of Fiduciary Duty.

The Ryans assert purported claims for breach of fiduciary duty against non-party Property Solutions and an unidentified "Appraiser" and "Underwriter."  [Am. Compl. at 22-25, 28-30]  Beyond BAC having no obligation to answer for the alleged acts of unrelated non-parties,[3] each purported breach of fiduciary duty claim fails for the reasons set forth in BAC's Dismissal Motion, hereby reasserted and incorporated by this reference.  [Dismissal Motion at 7]  Given that the Ryans' allegations here relate to loan origination, which occurred in December of 2006, each purported claim is also barred by Arizona's two-year statute of limitations.  [See id.]

---

[3] As set forth in Section II above, any asserted connection between BAC and the various non-parties is erroneous.

687711.3

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

### B.   Fraudulent Concealment And Fraud.

The Ryans assert purported fraudulent concealment claims against non-party Property Solutions and an unidentified "Foreclosing Lender's Agent" and assert a purported fraud claim against unidentified "Lender's Agents." [Am. Compl. at 25-28, 30-32]  Beyond BAC having no obligation to answer for the alleged acts of unrelated non-parties, each purported fraud claim fails for the reasons set forth in BAC's Dismissal Motion, hereby reasserted and incorporated by this reference. [Dismissal Motion at 8-9]

### C.   Negligence/Negligence Per Se.

The Ryans assert purported negligence claims against "[a]ll Defendants." [Am. Compl. at 33-34]  These purported claims fail for the reasons set forth in BAC's Dismissal Motion, hereby reasserted and incorporated by this reference. [Dismissal Motion at 7-8]

### D.   Unjust Enrichment.

The Ryans' purported unjust enrichment claims against "servicer" and/or "Defendants" fail for the reasons set forth in BAC's Dismissal Motion, hereby reasserted and incorporated by this reference. [Am. Compl. at 34-35; Dismissal Motion at 13-14]

### E.   Breach of the Implied Covenant of Good Faith and Fair Dealing.

The Ryans assert purported claims for breach of the implied covenant of good faith and fair dealing against "[a]ll Defendants." [Am. Compl. at 35-37]  These purported claims fail for the reasons set forth in BAC's Dismissal Motion, hereby reasserted and incorporated by this reference. [Dismissal Motion at 9]

### F.   Intentional Infliction of Emotional Distress.

The Ryans' purported claims for intentional infliction of emotional distress against "Defendants" fail for the reasons set forth in BAC's Dismissal Motion, hereby reasserted and incorporated by this reference. [Am. Compl. at 37-38; Dismissal Motion at 10]

### G.   The Ryans Have Failed To Meaningfully Defend Their Remaining Allegations.

BAC is uncertain whether the remaining allegations scattered throughout the Amended Complaint are intended as additional causes of action.  To the extent the Ryans

687711.3

intended to assert any cause of action based on the regularly rejected "show me the note theory," or causes of action for conspiracy, violations of RESPA and TILA, or quite title, these also fail for the reasons set forth in BAC's Dismissal Motion, hereby reasserted and incorporated by this reference.  [See Am. Complaint at 8, 11, 15, 17-21, 39-41, 43-44, 46; Response at 3; Dismissal Motion at 6-7, 9, 11-12, 14]  BAC cannot guess which other allegations the Ryans may have intended to base additional causes of action upon.

**Relief Requested**

For the foregoing reasons, BAC respectfully requests that the Court enter an order dismissing the Ryans' Amended Complaint with prejudice.

DATED this 28th day of March, 2011.

BRYAN CAVE LLP


By /s/ Michael B. Dvoren
    Sean K. McElenney
    Michael B. Dvoren
    Two North Central Avenue, Suite 2200
    Phoenix, AZ  85004-4406
    Attorneys for Defendant BAC Home
    Loans Servicing, LP

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA  85004-4406
(602) 364-7000

687711.3

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, with a copy sent via U.S. mail to the following, who are not registered participants of the CM/ECF System:

Thomas & Karen Ryan
4446 Lazy Lane
San Jose, CA 95135
Plaintiffs Pro Per

By /s/ Michael B. Dvoren

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA  85004-4406
(602) 364-7000

7

687711.3