**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas and Karen Ryan, ) | No. CV-10-02197-PHX-NVW |
| Plaintiffs, ) | **ORDER** |
| vs. ) | |
| BAC Home Loans Servicing LP, et al., ) | |
| Defendants. ) | |

Before the Court is Defendant BAC Home Loans Servicing, LP's ("BAC") Motion to Dismiss (Doc. 30). Defendant Real Time Resolutions, Inc. ("Real Time") joins in BAC's motion to dismiss (Doc. 34). The relevant facts were stated in this Court's February 1, 2011 order, which denied Plaintiffs' motion for preliminary injunction and granted BAC's motion to dismiss, which was also joined by Real Time. The Court gave Plaintiffs leave to file an amended complaint by February 17, 2011 (Doc. 28). Although that order instructed Plaintiffs to file a motion for leave to amended their complaint along with their lodged proposed amended complaint, Plaintiffs filed their amended complaint without an accompanying motion on February 16, 2011 (Doc. 29). The Court later deemed Plaintiffs' amended complaint properly filed (Doc. 33). BAC filed the pending motion to dismiss Plaintiffs' amended complaint on March 7, 2011 (Doc. 30), which motion Real Time joined on March 28, 2011 (Doc. 34). Because Plaintiffs have failed to state a claim for relief in their amended complaint, BAC's motion to dismiss will be granted.

## II. Legal Standard

### A. Rule 8, Federal Rules of Civil Procedure

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). A claim must be stated clearly enough to provide each defendant fair opportunity to frame a responsive pleading. *McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996). "Something labeled a complaint . . ., yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Id.* at 1180.

### B. Rule 9(b), Federal Rules of Civil Procedure

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) requires allegations of fraud to be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Further,

> Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud. In the context of a fraud suit involving multiple defendants, a plaintiff must, at a

>  minimum, identify the role of each defendant in the alleged fraudulent scheme.

*Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (internal quotation marks, alteration marks, and citations omitted).

### C.    Rule 12(b)(6), Federal Rules of Civil Procedure

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the non-moving party. *Cousins*, 568 F.3d at 1067. Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint must contain "only enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations. *Ashcroft v. Iqbal*, __ U.S. __, 1949, 1951 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To show that the plaintiff is entitled to relief, the complaint must permit the court to infer more than the mere possibility of misconduct. *Id.*

## II.    Analysis

Plaintiffs' amended complaint suffers from the same deficiencies that warranted dismissal of their original complaint. At forty-seven pages, the amended complaint is far from a plain and short statement of their claims. The complaint consists of only vague assertions that Plaintiffs were fraudulently induced into obtaining a loan to purchase a

1  property that was overvalued.  The allegations of wrongdoing mainly relate to the loan
2  origination, and Plaintiffs have accused unnamed parties, such as "appraiser" and "real
3  estate broker," of the wrongdoing.  However, Plaintiffs have only named two defendants
4  in this action —  BAC, the current loan servicer, and Real Time, the current trustee for
5  the deed of trust — neither of whom were involved with the loan origination.  Plaintiffs
6  have not connected BAC or Real Time to any allegations of wrongdoing; rather, they
7  allege that BAC and Real Time should be jointly liable for the wrongdoing of the actors
8  involved in the purportedly fraudulent loan origination. Without any allegations of
9  wrongdoing by either BAC or Real Time, and without a viable theory to support holding
10 them jointly liable for the wrongdoing of others, Plaintiffs have failed to state any
11 plausible claims for relief.

12         Plaintiffs have raised the many of the same causes of action that were previously
13 dismissed by this Court.  (Doc. 28.)  Although that order discussed the relevant standards
14 for stating a claim for breach of fiduciary duty, negligence/negligence per se, common
15 law fraud, breach of the implied covenant of good faith and fair dealing, violations of the
16 Truth in Lending Act, and intentional infliction of emotional distress, Plaintiffs have
17 again failed to provide any specific facts to support any of these claims against BAC or
18 Real Time.  To the extent other allegations scattered throughout the amended complaint
19 are intended as separate causes of action, Plaintiffs have also failed to provide facts
20 specific enough to state a claim for relief against BAC or Real Time.  Rather, each
21 purported cause of action contains nothing more than "labels and conclusions, and a
22 formulaic recitation of the elements of a cause of action" and therefore fails to state a
23 claim upon which relief can be granted.  *See Twombly*, 550 U.S. at 555. The general
24 nature of Plaintiffs' allegations — both with respect to the identity of the purported
25 wrongdoer and the nature of the alleged wrongdoing — fails to provide BAC or Real
26 Time with sufficient notice as to what actions of theirs were wrongful and actually caused
27 Plaintiffs harm.

28

### III. Leave to Amend

Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), the district court has "especially broad" discretion to deny leave to amend where the plaintiff already has had one or more opportunities to amend a complaint. *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989). "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Plaintiffs have already been given the opportunity to file an amended complaint to properly plead their claims against BAC and Real Time. Nonetheless, Plaintiffs' amended complaint does not cure the deficiencies of their initial complaint and still fails to state any plausible claim for relief against either BAC or Real Time. The Court finds that further amendment of their complaint would be futile and will therefore not grant further leave to amend. *See McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of prolix, argumentative, and redundant amended complaint that did not comply with Rule 8(a)); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) (affirming dismissal without leave to amend of second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (Doc. 30) is granted. The Clerk shall enter judgment dismissing Plaintiffs' Amended Complaint (Doc. 29) with prejudice. The Clerk shall terminate this case.

DATED this 12th day of April, 2011.

_____
Neil V. Wake
United States District Judge